IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 1:19-CR-259** |
| v. | (Judge Conner) |
| **ADIEAS JOHNSON,** | |
| **Defendant** | |

## MEMORANDUM

The court sentenced defendant Adieas Johnson to 120 months' imprisonment after he pled guilty to conspiring to distribute cocaine base and possessing a firearm as a convicted felon. Johnson moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel. He claims his attorney failed to negotiate a binding plea agreement and ignored his request to file an appeal. We will deny Johnson's motion with respect to the first ground and defer ruling on his motion as to the second ground pending an evidentiary hearing on limited factual matters pertinent to its resolution.

I. **Factual Background & Procedural History**

    A. **Indictment, Guilty Plea, and Sentence**

In December 2019, a grand jury returned a superseding indictment charging Johnson with conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One), and possession of a firearm as a felon in violation of 18 U.S.C. § 922(g) (Count Twenty-Five). (See Doc. 39).[1] The Honorable Martin C. Carlson,

---

[1] The superseding indictment also charged seven other individuals with various drug and firearm offenses. (See Doc. 39).

United States Magistrate Judge, appointed Jonathan W. Crisp, Esquire, to represent Johnson. (See Doc. 73). Johnson claims he asked Attorney Crip to "attempt to get a binding plea with the government [because] other similar[ly] situated defendants received 46 months for my same charges." (See Doc. 429 at ECF 14). Nonetheless, on April 2, 2021, Johnson signed a non-binding a plea agreement by terms of which he agreed to plead guilty to both counts. (See Doc. 196 at 1-2). The agreement contains both a direct appeal waiver and a collateral appeal waiver. (See id. at 23-25).

Johnson consented to proceed before a United States Magistrate Judge for his plea hearing. (See Doc. 222). Judge Carlson "conducted a full colloquy" pursuant to Rule 11 and recommended that Johnson's plea be accepted, determining, *inter alia*, that Johnson was "fully competent," "no promises have been made to the defendant beyond those set forth in the plea agreement," and "the plea of guilty is a knowing and voluntary plea." (See Doc. 226 at 1). The court adopted Judge Carlson's recommendation without objection. (See Doc. 227).

Sentencing commenced on February 22, 2022. (See Doc. 346). Johnson objected to the drug weight listed in the presentence investigation report; the parties jointly recommended that the court attribute a drug weight of 112 to 198 grams of cocaine to Johnson as outlined in the plea agreement. The court accepted this recommendation. (See Doc. 494, 2/15/22 Sentencing Tr. at 3:23-4:17). After concluding Johnson had a criminal history category of V and a total offense level of 25, the court determined Johnson's guidelines range to be 100 to 125 months' imprisonment. (See id. at 7:21-8:5; see also Doc. 347 at 1). The court sentenced

Johnson to 120 months on each count and set the sentences to run concurrently. (See Doc. 346 at 2; 2/15/22 Sentencing Tr. 18:5-11).[2]

Johnson claims that immediately following the sentencing hearing, he told Attorney Crisp "I want to appeal." (See Doc. 429 at ECF 13). He also claims he contacted Attorney Crisp's office on numerous occasions to inquire about the appeal and that, in response, Attorney Crisp stated, "I'll get back with you." (See id.) On his final call to Attorney Crisp's office, Johnson alleges a paralegal told him "Mr. Crisp [is] not your attorney anymore." (See id.) An appeal was never filed on Johnson's behalf.

**B. Section 2255 Motions**

Johnson, acting *pro se*, filed a Section 2255 motion alleging ineffective assistance of counsel on January 9, 2023. (See Doc. 418). The court directed Johnson to complete an election form. (See Doc. 422). Johnson subsequently filed a second Section 2255 motion repeating the grounds and arguments in his first motion, (see Doc. 429), which the court construed as an election to proceed under 28 U.S.C. § 2255, (see Doc. 430).[3] Johnson claims defense counsel was ineffective for failing to obtain a binding plea agreement and for ignoring his repeated requests to

---

[2] The court considered counsels' arguments, Johnson's allocution, and the Section 3553(a) factors before explaining that "a sentence within the guideline range is reasonable and appropriate, but not greater than necessary, to achieve sentencing objectives." (See 2/15/22 Sentencing Tr. 15:23-18:4).

[3] The court noted its duty to "liberally construe *pro se* filings with an eye toward their substance rather than their form." See United States v. Delgado, 363 F. App'x 853, 855 (3d Cir. 2010) (nonprecedential) (citing United States v. Miller, 197 F.3d 644, 648 (3d Cir. 1999)).

file an appeal. (See Doc. 429 at ECF 4-5). The motion is fully briefed and ripe for disposition.

## II. Legal Standards

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." See 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." See 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." See United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at 546).

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on such a claim, a defendant must demonstrate (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial. See

4

Strickland, 466 U.S. at 687-88.  The defendant bears the burden of proving both prongs.  See id. at 687.  To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be "highly deferential" toward counsel's conduct.  See id. at 689.  There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance.  See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90).  To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding "would have been different."  Strickland, 466 U.S. at 694.  The district court need not conduct its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.  See id. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

### III. Discussion

Johnson argues his counsel was constitutionally ineffective for failing to negotiate a binding plea agreement and for ignoring his repeated requests to file an appeal, thereby violating his Sixth Amendment right to counsel.  (See Doc. 429 at ECF 4-5, 13-16).  We will address Johnson's claims *seriatim*.

#### A. Failure to Negotiate a Binding Plea Agreement

Johnson challenges Attorney Crisp's stewardship for failing to secure a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).  (See

5

id. at ECF 14).[4]  The right to counsel guaranteed by the Sixth Amendment "extends to the plea-bargaining process."  Lafler v. Cooper, 566 U.S. 156, 162 (2012).  Defense counsel must provide their client "enough information to make a reasonably informed decision whether to accept a plea offer" from the government or go to trial.  United States v. Bui, 795 F.3d 363, 367 (3d Cir. 2015) (quoting Shotts v. Wetzel, 724 F.3d 364, 376 (3d Cir. 2013)) (internal quotation marks omitted).

Johnson cannot show that counsel's performance was deficient during the plea-bargaining phase.  Johnson asserts Attorney Crisp incorrectly told him binding plea agreements were hard to come by in this district, even though "similar[ly] situated defendants" purportedly received binding plea agreements and sentences of "46 months for my same charges."  (See Doc. 429 at ECF 14).  To the extent Attorney Crisp made this statement to Johnson, the government notes "his assessment was accurate" because binding agreements generally are reserved for "compelling circumstances."  (See Doc. 434 at 12-13).  The government submits it would never have offered a binding plea agreement to Johnson based upon the facts of this case.  (See id. at 14-15).[5]  There is nothing in the record suggesting

---

[4] When entering a plea agreement under Rule 11(c)(1)(C), the government promises to "agree that a specific sentence or sentencing range is the appropriate disposition of the case."  FED. R. CRIM. P. 11(c)(1)(C).  "[S]uch a recommendation or request binds the court once the court accepts the plea agreement."  Id.

[5] At sentencing, the government explained that, but for "a quirk in the sentencing guidelines where a conspiracy for drug trafficking doesn't qualify as a drug trafficking offense," Johnson would be deemed a career offender.  (See 2/15/22 Sentencing Tr. 14:3-22).  The government also notes its "evidence of Johnson's involvement in a drug conspiracy is compelling" and it "was only willing to offer what was offered."  (See Doc. 434 at 14).

otherwise. Johnson has failed to demonstrate that Attorney Crisp's conduct was objectively unreasonable under the circumstances. See Strickland, 466 U.S. at 689.

Assuming *arguendo* counsel's conduct was somehow deficient, Johnson also cannot satisfy Strickland's prejudice prong. Johnson's plea agreement and plea colloquy demonstrate that his decision to plead guilty pursuant to a non-binding plea agreement was voluntary and well-informed, notwithstanding his assertion that similarly situated defendants received binding plea agreements with lesser sentences. Johnson's plea agreement explicitly confirms that "[t]he defendant understands that any recommendations are not binding upon either the Court or the United States Probation Office," (see Doc. 196 at 10), and "that the total, maximum possible sentence for all charges is the combination of penalties described above; that is, thirty years in prison . . . ," (see id. at 4). Johnson attested that "I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it." (See id. at 29).

At the plea hearing before Judge Carlson, Johnson also represented to the court that he read, understood, and voluntarily agreed to the terms of the plea agreement. (See Doc. 500, 6/24/21 Plea Tr. 8:8-18). Judge Carlson emphasized that the sentencing court was not bound by the plea agreement—it could decline to follow the parties' recommendations—and that Johnson would be unable to withdraw his guilty plea if he was dissatisfied with the court's rulings. (See id. at 11:3-13). Johnson stated he understood. (See id.) Judge Carlson found Johnson's guilty plea to be knowing and voluntary, (see id. at 24:11-18), and recommended that the district court enter an order adjudicating the defendant guilty, (see Doc.

7

226 at 1 ("[T]he plea of guilty is a knowing and voluntary plea.")). The district court adopted Judge Carlson's recommendation without objection. (See Doc. 227). On this record, Johnson's guilty plea "must stand" because he was "fully aware of [its] direct consequences" regardless of whether similarly situated defendants successfully bargained for different agreements. See Dickerson v. Vaughn, 90 F.3d 87, 91 (3d Cir. 1996) (quoting Mabry v. Johnson, 467 U.S. 504, 509 (1984)); accord United States v. Rendon, 41 F. App'x 527, 531 (3d Cir. 2002) (*per curiam*) (nonprecedential).[6]

Further undermining Johnson's claim of prejudice is the fact that the court accepted the parties' recommendation in the plea agreement even though it was not binding upon the court. (See 2/15/22 Sentencing Tr. 3:23-4:17; see also Doc. 196 at 10); Giblin v. United States, No. 09-1286, 2010 WL 3039992, at *15 (D.N.J. Aug. 3, 2010) ("That the Court was not bound by the stipulations of the parties' plea agreement is inapposite, because the Court did accept all stipulations."). Accordingly, Johnson has not met his burden of showing that Attorney Crip's failure to seek out a binding plea agreement prejudiced him.

B. **Failure to File Notice of Appeal**

Johnson also claims Attorney Crisp repeatedly ignored his request to file an appeal. (See Doc. 429 at ECF 13). Our court of appeals has held that ineffectiveness

---

[6] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. However, we cite these nonprecedential decisions because we have carefully considered each decision and we are persuaded by each panel's *ratio decidendi*.

is presumed when counsel fails to file a timely notice of appeal after a defendant specifically asks counsel to do so. See Solis v. United States, 252 F.3d 289, 293-94 (3d Cir. 2001); id. at 294 (identifying remedy for such an oversight as "[a] new opportunity to directly appeal") (citation omitted); see also Garza v. Idaho, 139 S. Ct. 738, 747 (2019). Even if a defendant does not instruct counsel to file an appeal, counsel nevertheless may be obliged to consult with their client about pursuing one. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). A criminal defense attorney's failure to consult with their client might render their performance constitutionally ineffective as well in some circumstances. See id. at 478, 480. Counsel's duty arises "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Courts must consider "all the information counsel knew or should have known" when determining whether this duty attaches. See id. Relevant factors include whether the defendant pled guilty, whether he received the expected sentence that was bargained for in the plea agreement, and whether he expressly reserved or waived his appeal rights. See id.

Without citing to any affidavits or documents of records, the government rejoins that Attorney Crisp "denies that Johnson asked for an appeal" or that "he or his staff were unresponsive to Johnson's inquires or requests." (See Doc. 434 at 9). Based on the current record, the court lacks sufficient evidence to ascertain whether Johnson requested that Attorney Crisp file a notice of appeal or whether Attorney Crisp consulted with him about his appellate rights. An evidentiary

hearing is needed to resolve these disputes.  See Solis, 252 F.3d at 294 (citing 28 U.S.C. § 2255); accord United States v. Harris, No. 1:05-CR-481, 2008 WL 11450573, at *4 (M.D. Pa. Mar. 5, 2008) (Conner, J) (citations omitted), aff'd, 331 F. App'x 942 (3d Cir. 2009).  The court will address the merits of this claim following the evidentiary hearing.

## IV.    Conclusion

For the foregoing reasons, we will deny Johnson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 to the extent it turns upon counsel's performance during the plea phase, and we will schedule an evidentiary hearing as to the limited questions of fact described above.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    January 5, 2024